# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RABELL ENCARNACION, VALON AYERS, and ANDREW ROSSETTI<br><br>    Plaintiffs, on behalf of themselves and all persons similarly situated<br><br>    v.<br><br>VIVINT SOLAR DEVELOPER, LLC, TODD PEDERSEN, ALEX DUNN, DAVID BYWATER, & MARK DAVIES<br><br>    Defendants. | C.A. No. _____ |

## NOTICE OF REMOVAL

Defendant Vivint Solar Developer, LLC ("Defendant"), hereby removes the above-captioned civil action filed in Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. § 201 *et seq*. Claims against all other captioned defendants in this action were voluntarily dismissed on February 28, 2017. *See* Superior Court Docket File Ref. #8, a true and correct copy of which is attached as <u>Exhibit A</u>.

## STATEMENT OF GROUNDS FOR REMOVAL

1.    The Defendant is a party to a civil action captioned *Rabell Encarnacion et al. v. Vivint Solar Developer, LLC et al. Davies, Civil Action No.* 1784CV00309 (the "Action"), pending in the state court.

2. The Amended Complaint in the Action alleges that the Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Massachusetts Wage Act, G.L. c. 149, § 148 *et seq.*, by failing to pay Plaintiffs Rabell Encarnacion, Valon Ayers, and Andrew Rossetti (collectively, "Plaintiffs")—former employees of Defendant—commissions allegedly due to them based on contracts with customers for the installation of solar panels. Plaintiffs also allege that Defendant was unjustly enriched by keeping these unpaid commissions for itself. Plaintiffs purport to bring the action on behalf of themselves and on behalf of all persons similarly situated, as authorized by 29 U.S.C. § 216(b), as well as G.L. c.149, § 150, and G.L. c. 151, §§ 1B and 20.

3. The Amended Complaint asserts three causes of action against the Defendants: (1) violation of the Massachusetts Wage Act; (2) violation of the Fair Labor Standards Act; and (3) unjust enrichment.

4. Federal district courts have original jurisdiction over actions arising under laws of the United States. *See* 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." State court complaints that plead federal claims, including those arising under the Fair Labor Standards Act, are clearly removable. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 696 (2003) (holding that FLSA actions filed in state court are removable).

5. Defendant may remove the state court action to this Court, as the remaining claims all relate to the Plaintiffs' employment and payment of wages; they thus relate to the Plaintiffs' federal claim and may be heard pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a); *e.g.*, *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 313 (D.

Mass. 2004) (noting that supplemental jurisdiction in federal question cases is "flexible" so as to maintain a federal forum for federal claims, and holding that Massachusetts overtime claims fell within court's supplemental jurisdiction in FLSA case). Accordingly, removal is proper and the District Court for the District of Massachusetts may properly invoke its subject matter jurisdiction under 28 U.S.C. § 1331.

6. Plaintiffs filed the original Complaint in this Action in the state court on January 30, 2017. The Complaint was never served upon Defendant, though Defendant has obtained a copy of it. Plaintiffs then filed an Amended Complaint and served it on Defendant on February 8, 2017. The original Complaint is attached as <u>Exhibit B</u>, and the Amended Complaint is attached as <u>Exhibit C</u>. No other pleadings have been filed in the Action. Because Defendant was served with the Amended Complaint on February 8, 2017, this Notice of Removal is timely filed as it is within 30 days of February 8, 2017. *See* 28 U.S.C. §1446(b)(1) and (3).

7. No previous application has been made for the relief requested herein.

8. In accordance with 28 U.S.C. § 1446(d), Defendant certifies that a Notice of Filing of Notice of Removal will be sent promptly to the Clerk of the Court for the state court for filing and will be served promptly on the Plaintiffs through their counsel of record.

9. Included with this Notice of Removal is the filing fee of $350, as required by 28 U.S.C. § 1914 and Local Rule 4.5.

10. Pursuant to Local Rule 81.1(a), within 28 days from the filing of this Notice of Removal, Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that this case be removed from the state court to the United States District Court for the District of Massachusetts.

Dated: March 10, 2017

    Respectfully submitted,

    VIVINT SOLAR DEVELOPER, LLC

    By its attorneys,

    */s/ Jenny K. Cooper*
    Jeffrey F. Webb (BBO# 674478)
    Jenny K. Cooper (BBO# 646860)
    Aaron G. Gingrande (BBO# 688340)
    ROPES & GRAY LLP
    Prudential Tower
    800 Boylston Street
    Boston, MA 02199-3600
    Telephone: (617) 951-7000
    Facsimile: (617) 951-7050
    Jeffrey.Webb@ropesgray.com
    Jenny.Cooper@ropesgray.com
    Aaron.Gingrande@ropesgray.com

**CERTIFICATE OF SERVICE**

       I, Jenny K. Cooper, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by U.S. Mail.

Dated: March 10, 2017                    */s/ Jenny K. Cooper*
                                                              Jenny K. Cooper